IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:16-CV-109-RLV-DCK

| VIOLET E. MARLOWE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) ) ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 10) and Defendant's "Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and this matter be remanded for further consideration.

## I. BACKGROUND

Plaintiff Violet E. Marlowe ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1).

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. The Clerk is directed to substitute Nancy A. Berryhill for Carolyn Colvin as Defendant in this matter. See Fed. R. Civ. P. 25(d); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

On or about July 23, 2012, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning April 4, 2012. (Transcript of the Record of Proceedings ("Tr.") 9, 189-192, 193-201). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on October 19, 2012, and again after reconsideration on February 28, 2013. (Tr. 9, 132-137, 140-147, 148-150). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 140, 148).

Plaintiff filed a timely written request for a hearing on March 26, 2013. (Tr. 9, 158-159). On July 10, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge Ann G. Paschall (the "ALJ"). (Tr. 9, 25-61). In addition, G. Roy Sumpter, Ph.D., a vocational expert ("VE"), and Brian Peterson, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on October 3, 2014, denying Plaintiff's claim. (Tr. 6-8, 9-19). On December 23, 2014, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on February 18, 2016. (Tr. 1-3, 5). The October 3,

2

2014 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request.  (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on April 25, 2016.  (Document No. 1).  On June 8, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 10) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 11) were filed September 6, 2016;  and Defendant's "Motion For Summary Judgment" (Document No. 13) and "Defendant's Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 14) were filed November 3, 2016.  Plaintiff declined to file a response/reply brief, and the time to do so has lapsed.  See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner − so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v.

Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 4, 2012, and the date of her decision.[2] (Tr. 9). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

    (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

    (4)    whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

    (5)    whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 18-19).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since April 4, 2012, her alleged disability onset date. (Tr. 11). At the second step, the ALJ found that coronary artery disease, type II diabetes with peripheral neuropathy, obesity, a right shoulder rotator cuff tear with adhesive capsulitis, peripheral vascular disease, depression, anxiety, and

5

trichotillomania, were severe impairments.[3] (Tr. 11-12). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 12-14).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary activity, with the following limitations:

> claimant is limited to performing simple repetitive tasks and instructions. I also find that the claimant is unable to climb ladders and is occasionally able to push/pull with her dominant right arm, reach overhead with her right arm, climb stairs, balance, and interact with the public. I further conclude the claimant should not be exposed to dangerous machinery, extreme heat/cold, or unprotected heights, and that the claimant is frequently able to do bilateral handling, fingering, and feeling.

(Tr. 14). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a housekeeper, school cafeteria worker, kitchen helper or food server. (Tr. 18). At the fifth and final step, the ALJ concluded based on the testimony of the VE, and "considering the claimant's age, education, work experience, and residual functional capacity," that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 18). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included printed circuit board assembler inspector and ampoule sealer. (Tr. 19). Therefore, the

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between April 4, 2012, and the date of her decision, October 3, 2014. (Tr. 19).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in assessing Plaintiff's mental impairments; and (2) the ALJ failed to adequately address apparent conflicts between the VE testimony and the Dictionary of Occupational Titles ("DOT"). (Document No. 11, pp.2,5).

**A.     Mental RFC**

In her first assignment of error, Plaintiff contends that the ALJ's decision fails to meet the requirements of SSR 96-8p. (Document No. 11, pp.5-9). Plaintiff asserts that the ALJ's RFC assessment does not include a complete determination of her mental limitations. (Document No. 11, pp.6-7). Plaintiff further asserts that the "issue in this case is not whether Marlowe has 'severe' mental impairments, the ALJ already determined she does (Tr. 11), but rather whether the ALJ fully accounted for her own mild and moderate limitations findings in the residual functional capacity." (Document No. 11, p.7).

Plaintiff argues that the ALJ "does not give a complete function-by-function analysis of the nonexertional mental functions associated with Marlowe's difficulties in the broad areas of functioning." (Document No. 11, p.8). Plaintiff further argues that "[i]f there is no effect on the residual functional capacity due to the restrictions in this area the ALJ needs to explain how she reached that conclusion and identify the evidence that supports this conclusion." (Document No. 11, p.9) (citing Mascio, 780 F.3d 632, 636).

In addition, Plaintiff contends that the ALJ's decision is inconsistent with the Fourth Circuit's ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (Document No. 11, pp.10-13). Here, as in Mascio, the ALJ determined that Plaintiff has moderate difficulties with regard to

7

concentration, persistence, or pace. (Tr. 14); see also (Document No. 11, p.10) (citing Mascio, 780 F.3d at 638). Plaintiff notes that the ALJ limited her to "simple repetitive tasks and instructions," but failed to address her ability to stay on task. (Document No. 11, p.10) (citing Tr. 14). Plaintiff argues that the Mascio holding is directly on point here:

> we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

(Document No. 11, pp.10-11) (quoting Mascio, 780 F.3d at 638).

Plaintiff contends that "only a determination of Marlowe's ability to stay on task would account for her limitation in concentration, persistence, and pace." (Document No. 11, p.11). In addition, Plaintiff argues that the ALJ "is not only obligated to determine whether Marlowe can perform work-related functions, she is also obligated to explain Marlowe's 'ability to perform them for a full workday.'" (Document No. 11, p.11) (quoting Mascio, 780 F.3d at 637). "The ability to perform simple repetitive tasks and instructions does not always equate with the ability to stay on that task for a full work day." (Document No. 11, p.11).

Plaintiff concludes that the ALJ's failure to explain his findings as to Plaintiff's moderate limitations in concentration, persistence, and/or pace, requires remand. (Document No. 11, pp.12-13) (citing Mascio, 780 F.3d at 638).

In response, Defendant argues in most pertinent part that:

> Here, the ALJ accounted for Plaintiff's moderate difficulties with regard to concentration, persistence, or pace in the RFC. The ALJ limited Plaintiff to "performing simple repetitive tasks and instructions" (Tr. 14). Importantly, the ALJ explained – citing

8

> substantial evidence of record – why Plaintiff's difficulties in this area did not affect her ability to work beyond those limitations included in the RFC.

(Document No. 14, p.7). Defendant contends that this case is unlike Mascio because "the ALJ in this case thoroughly discussed and explained the evidence of record supporting the RFC determination." (Document No. 14, p.8).

The undersigned has reviewed those parts of the decision cited by Defendant, but is not convinced that the ALJ "thoroughly discussed and explained" her determination, or otherwise addressed Plaintiff's ability to stay on task. As argued by Plaintiff, the limitation to "simple repetitive tasks and instructions," without more explanation, does not appear to be adequate here. The ALJ acknowledged Plaintiff's issues with concentration and attention, as well as a GAF score of 45 "which indicates serious symptoms," but contrary to Defendant's assertions, the undersigned does not find that the RFC adequately accounts for such mental limitations. See (Tr. 13, 17).

Instead, the undersigned finds Plaintiff's arguments to be persuasive. (Document No. 11). The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review. While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned is persuaded that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK (Document No. 19) (W.D.N.C. Feb. 22, 2017). This error alone provides sufficient cause to remand; nevertheless, the undersigned will also briefly address Plaintiff's second assignment of error.

**B.     VE Testimony and the DOT**

Next, Plaintiff argues that the ALJ erred by failing to ask the VE if his opinion about jobs Plaintiff could perform was consistent with the DOT. (Document No. 11, pp.13-18) (citing Tr.47-60). Plaintiff notes that "SSR 00-4p specifically directs the ALJ to inquire if the vocational witness's testimony conflicts with the information in the DOT," and to address conflicts. (Document No. 11, p.14).

Plaintiff acknowledges that the ALJ's decision states that she determined that the vocational expert's testimony is consistent with the information in the DOT. Id. (citing Tr.19). But, Plaintiff contends that there is no factual basis for this finding by the ALJ and that it does not comport with applicable law. Id.

Plaintiff argues that the ALJ's failure on this issue is not harmless because there is an apparent conflict between the VE testimony and the DOT. (Document No. 11, p.15). Specifically, Plaintiff contends that the jobs of printed circuit board assembler inspector and ampoule sealer, identified by the VE, require a reasoning level of "2," which requires a worker to be able to carry out "detailed but uninvolved written or oral instructions." (Document No. 11, pp.16-17). Here, the ALJ limited Plaintiff to "simple instructions," which apparently conflicts with "detailed instructions," and the ALJ failed to explain the apparent conflict. Id.; (Tr. 14).

Defendant acknowledges that the ALJ's "statement does not evidence the query required by SSR 00-4p," but Defendant goes on to assert that "the VE did engage in a lengthy discussion at the hearing with both the ALJ and Plaintiff's counsel during which the VE addressed the relationship between the VE's testimony and the DOT." (Document No. 14, pp.10-11) (citing Tr. 52-60); see also (Tr. 19). Defendant concludes that a "[s]pecific inquiry was not required" because

the ALJ and the VE engaged in a discussion about DOT codes, even though that discussion does not address the "apparent conflicts" alleged by Plaintiff.  (Document No. 14, p.11).

In addition, Defendant suggests that the apparent conflict is not a conflict, because this Court has "determined that there is no conflict between an RFC limitation to 'simple work' and the ability to 'carry out detailed but uninvolved' instructions."  (Document No. 14, pp.12-13) (citing Pippen v. Astrue, 1:09-CV-308-MR-DLH, 2010 WL 3656002, at *7 (W.D.N.C. Aug. 24, 2010) report and recommendation adopted, 2010 WL 3655998 (W.D.N.C. Sept. 15, 2010)  and Meissl v. Barnhart, 403 F.Supp.2d 981, 984 (C.D.Cal. 2005)).  As noted by Defendant, this Court has stated that "work requiring a reasoning level of two [is] not inconsistent with a limitation to simple work."  (Document No. 14, p.12) (quoting Pippen, 2010 WL 3656002, at *7).

Notably, the Pippen decision also addressed the situation before the Court of an ALJ who failed to explicitly ask the VE whether his testimony was consistent with the DOT:

> There is a split among the circuits and district courts as to whether this failure to ask requires remand. See Lancaster v. Comm'r of Soc. Sec., 228 Fed.Appx. 563 (6th Cir.2007)(discussing the split and collecting cases); Wix v. Astrue, 2010 WL 520565, n. 4 (M.D.Tenn.Feb.9, 2010)(same).[4]  While the Court of Appeals for the Fourth Circuit has not issued a published decision on such issue, the undersigned believes that the Fourth Circuit would determine that an ALJ's failure to inquire about consistency with the DOT is not reversible error unless a potential conflict actually exists.  See Justin v. Massanari, 20 Fed.Appx. 158, 160 (4th Cir. 2001) (unpublished case, finding that an ALJ is only required "to address evident discrepancies between a vocational expert's testimony and the [DOT]").  The undersigned finds that where, as here, the ALJ technically erred in failing to inquire about conflicts under S.S.R. 00–4p, but where there are no evident discrepancies between a vocational expert's testimony and the DOT, such an oversight does not amount to reversible error.  Id.

Pippen, 2010 WL 3656002, at *8;  see also, (Document No. 14, p.13).

11

In this case, it appears that the parties agree that the ALJ "technically erred," but disagree as to whether there is an evident discrepancy between the VE testimony and the DOT. A response/reply on this issue by Plaintiff may have assisted the Court, but as noted above, Plaintiff declined to file such a brief.

Plaintiff's second assignment of error presents a close question. Certainly Pippen is instructive; however, it is unclear whether more recent caselaw in line with Mascio would construe the "technical error" as harmless. Here, the undersigned has already determined there is sufficient cause for remand, and will therefore respectfully recommend that on further review an ALJ specifically inquire of a VE whether any identified jobs are consistent with the DOT, and identify and explain any apparent conflicts between a VE's opinion and the DOT.

## IV. CONCLUSION

The undersigned is not persuaded that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus, this matter should be remanded for further consideration. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated. On remand, an Administrative Law Judge should fully address the alleged errors before this Court.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 10) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 13) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 22, 2017

David C. Keesler
United States Magistrate Judge